Paul I. Weiner, Esq. (5393)
LAW OFFICES OF WEINER & WEINER LLC
60 Washington Street
Courthouse Plaza
Morristown, NJ 07960
Tel:  (973) 455-0026
Fax: (973) 455-0027
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURTIS LEE, et al,<br><br>                              Plaintiffs,<br><br>         v.<br><br>THE COUNTY OF PASSAIC and ANTHONY DENOVA, in his personal and official capacity,<br><br>                              Defendants. | Index No. 09-cv-5735<br><br>**SECOND AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiffs Curtis Lee, Susan Robinson, Etta Adams, Ronald Joseph, William Crawley, Mark E. Thompson, Mona Salim, Junior Hall, Thaddeus L. Johnson, Matthew Reyes, Olivia Stewart, Philip Anglin, Irving Hardgrove, Darren Perry, Tanya Ribeiro, Tyrone Robinson, Carl Ferguson, Jerome Simons, Wellington Ferrera, Elouise Stewart, Kesesian Francies, Evelyn Townes, Calvin Jefferson, Attilio Ciarla, Alexis Ortiz, Vanessa Vega, Marco A. Murakami, Barak Hart, Shelley Williams, Perry Baldwin, Shimeka Pulido, Shalonda Goodman, Joyce D. Pinkney, William McCray, Pedro Gonzalez, Darkesia Gunther, Mattie Artis, David Giegold, Tom Immesburger, Joseph Adingra, Antwan Smith, Berlyn McDermott, Kester McPhearson, Roberto M. Arnejo,

Michele Alexander, Deleon Morris, Mark Kirkland, Victor Gary, Orville Pommells, Nicole Gonzalez, Matrece Humbert and Kim Thomas (collectively referred to hereinafter as "Plaintiffs"), by and through their attorneys, by way of Complaint against the County of Passaic and Anthony DeNova, allege as follows:

## INTRODUCTION

1. Plaintiffs bring this action for civil rights violations pursuant to 42 U.S.C. §1983 ("1983") and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2, et seq. (the "Act"), which took place in connection with the collective bargaining between Plaintiffs' labor union, the Communications Workers of America, Local 1032 (the "Union") and defendants the County of Passaic and Anthony DeNova.

## JURISDICTION AND VENUE

2. . This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343(a)(3) and pendent jurisdiction pursuant to 28 U.S.C. § 1367.

3. Venue lies in the District of New Jersey pursuant to 28 U.S.C.A. §1391(b).

## PARTIES

4. Plaintiffs are all citizens of the State of New Jersey.

5. Defendant County of Passaic (the "County") is a county located within the State of New Jersey with its county seat located in Paterson, New Jersey. At all times relevant herein, Plaintiffs were employed by the County.

6. At all times relevant herein Defendant Anthony DeNova ("DeNova") was the County Administrator, and in that position was responsible for the daily operations of the County, carried out the policies and directives of the County's Board of Chosen

2

Freeholders and was also responsible for all contacts with the media on behalf of the County.

## ALLEGATIONS

7.  At all times relevant herein, Plaintiffs were rank and file employees of the Passaic County Youth Detention Center (the "Center"), which in turn was funded and operated by the County.

8.  Plaintiffs' employment was originally governed by a collective bargaining agreement entered into on their behalf by the Union and the County (the "Agreement").

9.  The Agreement was to run from January 1, 2003 through December 31, 2006.

10. The Agreement expired without the implementation of a new collective bargaining agreement negotiated by the parties.

11. During 2007, the County claimed that the Center was "grossly overstaffed," and thus made numerous layoffs in order to save money in the 2008 budget.

12. During this time, Plaintiffs continued to work without the benefit of a new collective bargaining agreement, and thus received no annual salary step increases, cost of living adjustments or uniform and maintenance allowances.

13. Throughout 2008, the Union and the County attempted to negotiate a new collective bargaining agreement.

14. During this time, and in order to curtail an alleged budget shortfall, the County began considering shutting down the Center and laying off the majority of Center's employees, including Plaintiffs.

15. Although the County had yet to agree to a new collective bargaining agreement governing Plaintiffs' employment, on or about May 27, 2008, the County approved a memorandum of agreement ("MOA") between the Center's Commanding Officers (also represented by the Union) and the County, which amended their collective bargaining agreement that also expired on December 31, 2006.

16. This MOA was made retroactive to January 1, 2007, and provided the Commanding Officers with retroactive cost of living increases, uniform and maintenance allowances and salary step increases.

17. In or about October 2008, the Union, on behalf of Plaintiffs, and the County finally agreed upon an MOA amending their expired collective bargaining agreement.

18. Plaintiffs' MOA was made retroactive to January 1, 2007, and provided retroactive salary step increases and uniform and maintenance allowances.

19. In or about this time, a majority of the Union members, including Plaintiffs, voted to approve the MOA.

20. After the vote, several members of the Union, some of whom included Plaintiffs expressed their discontent regarding the terms of the MOA to the news media. They were specifically upset because the MOA: (1) did not provide for retroactive cost of living increases; and (2) downwardly readjusted the salary guide based on the County's representation that Plaintiffs had been inadvertently overpaid under the expired Agreement.

21. Shortly thereafter, in or about November 2008, at a subsequent meeting between the Union and the County, Anthony J. DeNova, the County Administrator,

expressed outrage that some of the Union members had informed the media about their discontent with the County's alleged claim of having overpaid them during the course of the expired Agreement.

22. Disregarding the Union members' constitutional right to speak to the media about matters of public importance, and although the purpose of the meeting was to formally execute the MOA, DeNova refused to do so and walked out on all further negotiations with the Union and Plaintiffs.

23. At that time, and upon information and belief, the County was firmly aware that it would be shutting down the Center in 2009. By walking out of the negotiations, and refusing to deal any further with the Union and Plaintiffs, the County knew that it would end up terminating Plaintiffs long before it would be forced back to the negotiating table.

24. From that point forward, DeNova and the County made no attempts or efforts to execute the MOA or otherwise return to the negotiating table.

25. In or about January 2009, and in order to cut money from its budget, the County approved the shut-down of the Center and the transfer of its juvenile offenders to the juvenile facility in Essex County (the "Essex Center").

26. In or about January 30, 2009, the County submitted a layoff plan to the State's Division of Local Human Resource Management indicating that it was necessary to lay off the more than 150 employees of the Center, which included all Plaintiffs.

27. Those employees that were not forced to retire were given an opportunity to be reassigned to, or hired by, the Essex Center.

5

28. To date, and due to residency requirements and other restrictions, most of the Plaintiffs were not reassigned or hired by the Essex Center.

29. Plaintiffs have been substantially damaged by Defendants' refusal to execute the MOA because several of the Union members had expressed their constitutionally protected right to free speech.

30. On June 24, 2009, and pursuant to New Jersey State labor law, Plaintiffs filed separate unfair labor practice charges ("ULP") with the New Jersey Public Employment Relations Commission ("PERC") against both the Union and the County.

31. To date, PERC has yet to make a determination as to whether or not it will issue a Complaint against the Union or the County.

## COUNT I

32. Plaintiffs repeat and incorporate the preceding paragraphs as if set forth at length herein.

33. Upon information and belief, both DeNova and the County have sanctioned, either formally or informally, the type of illegal conduct as demonstrated by the Defendants. Upon information and belief, the Defendants' illegal conduct represents a pattern of abuse so pervasive, permanent and well settled within the County that it constitutes a policy, custom, or usage with the force of law.

34. Upon information and belief, such conduct has become so prevalent and widespread that is constitutes a policy, custom, or usage with the force of law.

35. Upon information and belief, DeNova had authority from the County to conduct himself in the manner in which he did towards Plaintiffs.

6

36. Both DeNova and the County have exhibited deliberate indifference to the fact that Plaintiffs' First Amendment rights would be violated as a result of its policy, custom, or usage.

37. Both DeNova and the County's policies demonstrate a reckless and callous indifference to Plaintiffs' constitutional rights.

38. The sanctioning of such illegal conduct violated Plaintiffs' rights as delineated by the First Amendment of the Federal Constitution and enforceable pursuant to 1983.

WHEREFORE, Plaintiffs demand the following relief against the County as follows:

    a. Compensatory damages;

    b. Punitive damages;

    c. Interest;

    d. Costs of suit;

    e. Reasonable attorneys' fees pursuant to 42 U.S.C. §1988; and

    f. Such other and further relief as the Court deems equitable and just.

## **COUNT II**

39. Plaintiffs repeat and incorporate the preceding paragraphs as if set forth at length herein.

40. At all times herein defendant DeNova was acting under the color of State law.

41. At all times herein defendant DeNova acted recklessly and with a callous indifference to Plaintiffs' constitutional rights.

42. DeNova's conduct violated Plaintiffs' First Amendment rights under the Federal Constitution and enforceable pursuant to 1983.

WHEREFORE, Plaintiffs demand the following relief against DeNova in his official and personal capacities as follows:

    a. Compensatory damages;

    b. Punitive damages;

    c. Interest;

    d. Costs of suit;

    e. Reasonable attorneys' fees pursuant to 42 U.S.C. §1988; and

    f. Such other and further relief as the Court deems equitable and just.

## COUNT III

43. Plaintiffs repeat and incorporate the preceding paragraphs as if set forth at length herein.

44. The New Jersey Civil Rights Act (the "Act") is aimed at providing a state analog to 1983.

45. At all times relevant herein, DeNova was acting under the color of state law.

46. DeNova's illegal conduct constitutes a violation of Article I, Paragraph VI of the Constitution and enforceable pursuant to the Act.

WHEREFORE, Plaintiffs demand the following relief against DeNova in his personal and official capacities as follows:

    a. Compensatory damages

    b. Punitive damages;

      c.      Interest;

      d.      Costs of suit;

      e.      Reasonable attorneys' fees; and

      f.      Such other and further relief as the Court deems equitable and just.

## **COUNT IV**

47. Plaintiffs repeat and incorporate the preceding paragraphs as if set forth at length herein.

48. At all times relevant herein, DeNova was acting within the scope of his employment.

49. As a result, the County is vicariously liable for any and all of DeNova's violations of Plaintiffs' civil rights.

50. Accordingly, the County is in violation of the Act as a result of DeNova's violations of Plaintiffs' civil rights.

WHEREFORE, Plaintiffs demand the following relief against the County as follows:

      a.      Compensatory damages;

      b.      Punitive damages;

      c.      Interest;

      d.      Costs of suit;

      e.      Reasonable attorneys' fees; and

      f.      Such other and further relief as the Court deems equitable and just.

Dated: November 16, 2009						**Law Offices of**
								**Weiner & Weiner, LLC**
								Attorneys for Plaintiffs

								By: s/Paul I. Weiner
								      Paul I. Weiner (PW5393)

## JURY DEMAND

Plaintiffs hereby request a jury trial on all issues so triable.


								By: s/Paul I. Weiner
Dated: November 16, 2009					      Paul I. Weiner (PW5393)