UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURTIS LEE, et al,<br><br>Plaintiff,<br><br>v.<br><br>THE COUNTY OF PASSAIC and ANTHONY DENOVA, in his personal and official capacity,<br><br>Defendants. | CIVIL ACTION NO.<br>09-cv-5735(SDW)<br><br>**DEFENDANTS' ANSWER TO THE THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants, the County of Passaic ("County") and Anthony DeNova ("DeNova") (collectively referred to as "Defendants"), with their principal place of business located at Passaic County Administration Building, 401 Grand Street, Paterson, New Jersey 07505-2023, by and through their attorneys, Genova Burns, by way of Answer to the Third Amended Complaint and Jury Demand hereby say:

## AS TO "INTRODUCTION"

1.   Defendants neither admit nor deny the allegations contained in paragraph 1 of the Complaint in that same are conclusions of law and not averments of fact to which no answer is required but to the extent that said allegations include averments of fact, they are denied.

## AS TO "JURISDICTION AND VENUE"

2.   Plaintiffs' allegations concerning jurisdiction are legal conclusions for which no responsive pleading is required.

3.   Plaintiffs' allegations concerning venue are legal conclusions for which no responsive pleading is required.

## AS TO "PARTIES"

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. The allegations contained in paragraph 5 of the Complaint are admitted. To the extent that Plaintiffs' period of employment is relevant, Plaintiffs' employment with the County was discontinued on or before May, 2009.

6. The allegations contained in paragraph 6 of the Complaint are admitted to the extent that the County Administrator is responsible for the daily operations of the County and carries out the policies and directives of the County's Board of Chosen Freeholders. The allegation that the County Administrator is responsible for "all contacts with the media on behalf of the County" is denied.

## AS TO "ALLEGATIONS"

7. The allegations contained in paragraph 7 of the Complaint are admitted.

8. The allegations contained in paragraph 8 of the Complaint are admitted to the extent that the County and Communication Workers of America, AFL-CIO, Local 1032 (the "Union") entered into a collective bargaining agreement ("2003-2006 Agreement") on behalf of Plaintiffs, effective January 1, 2003 through December 31, 2006.

9. The allegations contained in paragraph 9 of the Complaint are admitted.

10. The allegations contained in paragraph 10 of the Complaint are admitted.

11. Defendants admit that during 2007 numerous employees of the Passaic County Youth Reception and Rehabilitation Center ("Center") were laid off. The allegations contained in paragraph 11 of the Complaint are denied to the extent that Plaintiffs' claim the County's justification for layoffs was due to the Center's "gross overstaffing." Many factors contributed

2

to the layoffs during 2007.

12. The allegations contained in paragraph 12 of the Complaint are denied. Upon the expiration of the 2003-2006 Agreement, no other collective bargaining agreement was implemented, but the terms of the expired 2003-2006 Agreement continued to govern the terms of Plaintiffs' employment with the County. Pursuant to the terms of the 2003-2006 Agreement, Plaintiffs' uniform and maintenance allowance (in the amount of $1,325.00) was folded into Plaintiffs' base pay beginning in 2003 and was scheduled to increase $100.00 annually. However, due to an administrative error, Plaintiffs received compounding overpayments of the uniform and maintenance allowance for several years. In fact, the County's attempt to recover overpayments made to Plaintiffs was the principal issue causing disagreement between the Union and the County during negotiations of the MOA.

13. The allegations contained in paragraph 13 of the Complaint are admitted.

14. The allegations contained in paragraph 14 of the Complaint are admitted.

15. The allegations contained in paragraph 15 of the Complaint are admitted.

16. The allegations contained in paragraph 16 of the Complaint are admitted. The terms of the Memorandum of Agreement speaks for itself.

17. The allegations contained in paragraph 17 of the Complaint are denied. The County and Union never came to an agreement on the terms of the proposed MOA intended to amend their expired 2003-2006 Agreement. The County and Union negotiated terms in the proposed MOA which provided for no salary increase for a two-year period, which would allow the County to recover a portion of an estimated Two Million Dollar ($2,000,000.00) overpayment made to the rank and file employees of the Center. Upon information and belief, when this proposed MOA was presented by the Union to its rank and file membership (Plaintiffs), the proposed MOA

was not ratified. The parties never reached agreement on the terms of the proposed MOA.

18. The allegations contained in paragraph 18 of the Complaint are denied. The County and Union never came to an agreement on the terms of the proposed MOA intended to amend their expired 2003-2006 Agreement.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint. However, upon information and belief, the Union membership did not ratify the proposed MOA that was negotiated between the County and the Union.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint. To the extent that these allegations include averments of fact, Defendants admit that some members of the Union made statements that expressed dissatisfaction with the terms of the proposed MOA at the Passaic County Board of Chosen Freeholder's meeting during November 2009.

21. The allegations contained in paragraph 21 of the Complaint are denied.

22. The allegations contained in paragraph 22 of the Complaint are denied. After some Plaintiffs made statements expressing their dissatisfaction with the proposed terms of the MOA, Defendants met with the Union representative, Mario Rivera, to discuss different terms of the MOA which would provide a 3% increase, but would provide a mechanism for the rank and file officers to return the estimated $2 million overpayments made in prior years.

23. The allegations contained in paragraph 23 are denied. Defendants met with Essex County officials to discuss entering into a shared services agreement during January 2009, which began the process of closing the Center. The County's decision to close the Center was made for a legitimate business reason and was an exercise of the County's managerial prerogative.

24. The allegations contained in paragraph 24 of the Complaint are admitted to the extent that the Union never presented a ratified agreement to the County and the proposed MOA eventually became moot once the County decided to close the Center for economic reasons.

25. The allegations contained in paragraph 25 of the Complaint are admitted.

26. The allegations contained in paragraph 26 of the Complaint are admitted.

27. Defendants object to the characterization in paragraph 27 of the Complaint that some Plaintiffs were "forced to retire." Therefore, the allegations contained in paragraph 27 of the Complaint are denied.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint. Upon information and belief, several employees were reassigned to the Essex County Juvenile Detention Center or rehired within Passaic County.

29. The allegations contained in paragraph 29 of the Complaint are denied.

30. Defendants admit that Plaintiffs filed an unfair practice charge against the County with the New Jersey Public Employment Relations Commission ("PERC"), bearing docket number CI-2009-050. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 30 of the Complaint.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint. Upon information and belief, the Plaintiffs have withdrawn the unfair labor practice charged filed with PERC as of November 24, 2009.

## AS TO "COUNT I"

32. Defendants repeat and incorporate by reference each of the responses contained in

Paragraphs 1 through 31 of this Answer as if set forth herein at length.

33. The allegations contained in paragraph 33 of the Complaint are denied.

34. The allegations contained in paragraph 34 of the Complaint are denied.

35. The allegations contained in paragraph 35 of the Complaint are denied, to the extent that it implies that DeNova acted in an unlawful manner. However, it is admitted that DeNova had authority to represent the County with respect to the MOA negotiations with the Union.

36. The allegations contained in paragraph 36 of the Complaint are denied.

37. The allegations contained in paragraph 37 of the Complaint are denied.

38. The allegations contained in paragraph 38 of the Complaint are denied.

**WHEREFORE**, Defendants demand dismissal of "Count I" of the Complaint with prejudice, costs, attorney's fees and such other relief this court deems just and reasonable.

## AS TO "COUNT II"

39. Defendants repeat and incorporate by reference each of the responses contained in Paragraphs 1 through 38 of this Answer as if set forth herein at length.

40. Defendants neither admit nor deny the allegations contained in paragraph 40 of the Complaint in that same are conclusions of law and not averments of fact to which no answer is required, but to the extent said allegations include averments of facts, they are denied.

41. The allegations contained in paragraph 41 of the Complaint are denied.

42. The allegations contained in paragraph 42 of the Complaint are denied.

**WHEREFORE**, Defendants demand dismissal of "Count II" of the Complaint with prejudice, costs, attorney's fees and such other relief this court deems just and reasonable.

## AS TO "COUNT III"

43. Defendants repeat and incorporate by reference each of the responses contained in Paragraphs 1 through 42 of this Answer as if set forth herein at length.

44. Defendants neither admit nor deny the allegations contained in paragraph 44 of the Complaint in that same are conclusions of law and not averments of fact to which no answer is required.

45. Defendants neither admit nor deny the allegations contained in paragraph 45 of the Complaint in that same are conclusions of law and not averments of fact to which no answer is required, but to the extent said allegations include averments of facts, they are denied.

46. The allegations contained in paragraph 46 of the Complaint are denied.

**WHEREFORE**, Defendants demand dismissal of "Count III" of the Complaint with prejudice, costs, attorney's fees and such other relief this court deems just and reasonable.

## AS TO "COUNT IV"

47. Defendants repeat and incorporate by reference each of the responses contained in Paragraphs 1 through 46 of this Answer as if set forth herein at length.

48. Defendants neither admit nor deny the allegations contained in paragraph 48 of the Complaint in that same are conclusions of law and not averments of fact to which no answer is required.

49. The allegations contained in paragraph 49 of the Complaint are denied.

50. The allegations contained in paragraph 50 of the Complaint are denied.

**WHEREFORE**, Defendants demand dismissal of "Count IV" of the Complaint with prejudice, costs, attorney's fees and such other relief this court deems just and reasonable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred in whole or in part by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate damages as required by law.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant, Anthony De Nova, is immune from suit based on the doctrine of qualified immunity.

### NINTH AFFIRMATIVE DEFENSE

Defendant, Anthony De Nova, is immune from suit based on the doctrine of good faith immunity

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' positions were eliminated based on legitimate business reasons.

### ELEVENTH AFFIRMATIVE DEFENSE

There is no connection between Plaintiffs' termination and several of Plaintiffs' alleged exercise of speech.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants did not retaliate against Plaintiffs on the basis of their association with a Union or several Plaintiffs' alleged exercise of their freedom of speech.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred for lack of subject matter jurisdiction.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred in whole or in part for failure to exhaust administrative or procedural remedies.

### FIFTEENTH AFFIRMATIVE DEFENSE

No custom or policy existed within the County which constituted deliberate indifference or hostility to the Plaintiffs' alleged activities of Union participation or several Plaintiffs' alleged exercise of their freedom of speech.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants would have reached the same decision regarding Plaintiffs' position even if Plaintiffs were not associated with the Union or whether several Plaintiffs' had not exercised their freedom of speech.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants did not discriminate or retaliate against Plaintiffs on the basis of their alleged exercise any constitutionally or statutorily protected activity.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Each and every employment action taken with regard to the Plaintiffs was taken for a legitimate non-discriminatory reason.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants took no action which violated or could reasonable be believed to have violated any rule, regulation, statute, court rule or the public policy within federal law or any provision of the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants took no action in violation of the Plaintiff's First Amendment rights.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants took no action which violated or could reasonably be believed to have violated any rule, regulation, statute, court rule or the public policy of the State of New Jersey.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any form of relief.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys' fees.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to compensatory damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to relief because the compensation and benefits sought by Plaintiffs has been setoff by the $2 million owed by Plaintiffs to the County.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable.

By: *[signature]*
Alexander L. D'Jamoos, Esq.
Genova Burns
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777
Attorneys for Defendants

Dated: February 9, 2010

## RULE 11 CERTIFICATION

Pursuant to Local Civil Rule 11, the undersigned hereby certifies that the matter in controversy is not related to any other pending court action, and counsel is unaware of any other parties who should be joined at this time.

*[signature]*
Alexander L. D'Jamoos, Esq.

Dated: February 9, 2010

## CERTIFICATION OF SERVICE

I hereby certify that on this date, one copy of this Answer was served via electronic filing on:

Law Offices of Weiner & Weiner LLC
60 Washington Street, Suite 101G
Morristown, NJ 07960
Attorneys for Plaintiffs

**GENOVA BURNS**
Attorneys for Defendants

By: *[signature]*
Alexander L. D'Jamoos, Esq.

Dated: February 9, 2010

1154\145\Pleadings\Defendants Answer 020910.doc